# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TERRANCE TURNER,

    Plaintiff,

v.                                                                                          Case No. 3:20-cv-674-J-39JBT

DEUTSCHE BANK,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc. 7) and the briefing of the parties related thereto (Docs. 11-13). Additionally, the Court has considered Plaintiff's Motion for Default Judgment (Doc. 31) and Defendant's request to stay this case pending resolution of the Motion to Dismiss (Doc. 23). These motions are fully briefed and ripe for review.

The Court begins its analysis by noting that Plaintiff's Complaint (Doc. 1) is an impermissible "shotgun pleading." The Eleventh Circuit has found there are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which.

Yeyille v. Miami Dade Cty. Pub. Sch., 643 F. App'x 882, 884 (11th Cir. 2016) (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

"The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Weiland, 792 F.3d at 1321, 1324 ("[T]his Court has condemned the incorporation of preceding paragraphs where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." (internal quotation and citation omitted)) (collecting cases); Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.

In this case, Plaintiff's Complaint is replete with conclusory, vague, and immaterial facts that render the Complaint incomprehensible. The Complaint and its exhibit of factual allegations cannot be said to give Defendant adequate notice of the claims against it or the grounds upon which each claim rests, making it inadequate for purposes of Rule 8, Federal Rules of Civil Procedure. Therefore, Plaintiff's Complaint must be stricken. See Weiland, 792 F.3d at 1321 n.10 (obligating the Court to strike impermissible shotgun pleadings on its own initiative).

The Complaint is also filled with scandalous and impertinent allegations that would independently require the Complaint to be stricken. See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). A matter is "scandalous" if it "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." Pigford v. Veneman, 225 F.R.D. 54, 58 (D.D.C. 2005). Plaintiff uses repulsive language throughout the Complaint and its exhibit of factual allegations that have no business being in pleadings or other papers filed with this Court. See, e.g., Doc. 1-5 at 9.[1] Plaintiff is hereby cautioned to choose his words carefully moving forward and state factual allegations in a way that maintains proper decorum.

Finally, the Court notes there were several dispositive issues raised in Defendant's Motion to Dismiss that should be addressed. Though the shotgun nature of Plaintiff's Complaint renders it difficult to discern the basis for Plaintiff's claims against Defendant, there are several citations to statutes from which Plaintiff may be seeking to derive a cause of action. First, Plaintiff will be unable to state a cause of action for age discrimination under the American Discrimination in Employment Act ("ADEA") because, according to his own admission, he was under the age of 40 at the time of the alleged misconduct.[2] Perry v. Batesville Casket Co., Inc., 551 F. App'x 987, 989 (11th Cir. 2014) (citing 29 U.S.C. §§ 623(a), 631) (acknowledging "[t]he ADEA makes it unlawful to

---

[1] The Court's reference to a single page of the Complaint and exhibits thereto should not be construed as it being the only offending section. Plaintiff's pleading is replete with statements that are wholly unnecessary and language that is entirely inappropriate in this forum.

[2] See Compl., Doc. 1 at 4.

discriminate against an employee due to his being 40 years of age or older."). Second, Plaintiff cannot allege causes of action based on criminal statutes that do not authorize a civil private right of action.[3] See Chapa v. Adams, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action."). Should Plaintiff continue to pursue such claims in an amended complaint, the Court will deem them frivolous.

While the Court is sensitive to Plaintiff's status as a pro se litigant, that status is not justification for failing to follow the Court's procedural rules. See Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (citing Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). Plaintiff was provided resources for how to plead his case when it was transferred to this Division (Doc. 22) and now has the tools needed to prepare a comprehensible amended complaint. As such, Plaintiff will be allowed to file an amended complaint that clearly and succinctly states his claims against Defendant and avoids the scandalous and impertinent allegations that plagued his original Complaint. Plaintiff is also cautioned against raising frivolous claims that have no basis in law or fact, as outlined in this Order. Failure to follow the Court's directive will result in the dismissal of Plaintiff's claims with prejudice.

---

[3] Specifically, Plaintiff's claims appear to be premised on violations of 18 U.S.C. sections 1001, 1037, and 1038. (Doc. 1-5 at 37-52). None of these criminal statutes authorize a civil private right of action. Sobers v. Caliber Home Loans, Inc., No. 1:16-cv-335-WSD-JKL, 2016 U.S. Dist. LEXIS 183433, at *16, 17 (N.D. Ga. July 27, 2016) (addressing 18 U.S.C. § 1001); Freeman v. Fine, No. 3:18-cv-409-MCR-CJK, 2018 U.S. Dist. LEXIS 211225 at *4, 5 (N.D. Fla. Nov. 6, 2018) (addressing 18 U.S.C. § 1037); Jenkins v. Medlock Tavern, Inc., No. 1:13-cv-2643-RWS, 2013 U.S. Dist. LEXIS 122101, at *3, 4 (N.D. Ga. Aug. 18, 2013) (addressing 18 U.S.C. § 1038).

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Complaint is **STRICKEN**.

2. Plaintiff shall be allowed to file an amended complaint on or before **October 27, 2020** that conforms with the Local Rules, the Federal Rules of Civil Procedure, and this Order. Failure to do so will result in dismissal of this action.

3. Defendant's Motion to Dismiss (Doc. 7) is **DENIED as moot**.

4. Defendant's Motion to Stay (Doc. 23) is **DENIED as moot**.

5. Plaintiff's Motion for Default Final Judgment (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 13th day of October, 2020.

BRIAN J. DAVIS
United States District Judge

6
Copies furnished to:

Counsel of Record
Unrepresented Parties