UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRANCE TURNER,

    Plaintiff,

v.                                    Case No. 3:20-cv-674-J-39JBT

DEUTSCHE BANK,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave (Doc. 36) and Defendant's response thereto (Doc. 37). The Court has previously stricken two of Plaintiff's attempts to plead his claims against Defendant because the filings constituted impermissible shotgun pleadings. (Docs. 33, 35). The Court also independently struck Plaintiff's Amended Complaint based on the impertinent and scandalous allegations therein. (Doc. 35). The Court provided Plaintiff a "_final_" opportunity to plead his claims against Defendant by allowing him to file the present Motion. Id. (emphasis in original). Plaintiff was expressly warned that this case would be dismissed if he failed to present the Court with a proposed second amended complaint that complied with all applicable rules and instructions previously provided to him. Id.

    Having reviewed Plaintiff's latest filing, the Court finds Plaintiff has again failed to obey the Court's prior Orders and properly plead any claims against Defendant. The Motion continues to include conclusory, vague, and immaterial facts, as well as scandalous and impertinent material. see, e.g., Motion, Doc. 37 at 17, 19. It is not a "short" or "plain" statement from which the Court can interpret a viable cause of action,

even when read in the light most favorable to Plaintiff. Fed. R. Civ. P. 8. Having provided all the resources,[1] leniency, and opportunities[2] it can to Plaintiff, the Court finds this action is due to be closed.

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion for Leave (Doc. 36) is **DENIED** and the Clerk of Court is **DIRECTED** to close this matter.

**DONE** and **ORDERED** in Jacksonville, Florida this 17th day of December, 2020.

BRIAN J. DAVIS
United States District Judge

6
Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] This includes the Court's standard notice to pro se parties (Doc. 22) and two orders outlining the deficiencies in his various pleadings (Docs. 33, 35).

[2] The Court has the discretion to dismiss a case after allowing only a single opportunity for a party to amend. See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." (quotations omitted)).